FRANK VOIGT et al., executors,

*v.*

AUGUST H. DOWE et al.

[Decided July 11th, 1908.]

Parol testimony was admissible to show that the real consideration for a deed was natural love and affection, though the deed recited that the consideration was the payment of money.

---

On pleadings and proofs.

*Mr. Frank E. Bradner,* for the complainants.

*Mr. Nathan Kussy,* for the defendants.

STEVENS, V. C.

The complainants' testatrix made a deed of land to the defendant Dowe, expressed to be for the consideration of $2,000, the receipt of which was, in the usual formal language, thereby acknowledged.

The complainants bring suit for the consideration-money, alleging its non-payment. The defendant in his answer admits

that the money was not paid, but he avers that the real consideration was natural love and affection. The proof sustains the answer. The contention is that it is competent to contradict the writing for the purpose of showing non-payment, but that it is not competent to vary it for the purpose of showing what the real consideration was. I have read with care the cases referred to in the brief of counsel, but I cannot find in them any support for this very inequitable proposition. As the matter appears, either on the face of the deed standing by itself or on the proof standing by itself, the intent of the grantor was, not to subject the grantee to a future money payment. It would be strange, indeed, if, by an arbitrary exclusion of part of the evidence, he should be subjected to it.

The cases in this state are all one way, and they hold "that the true consideration of a deed may be shown by parol though it vary from that expressed, but not to vary or enlarge the grant." *Morris Canal* v. *Ryerson, 27 N. J. Law (3 Dutch.) 457; Herbert* v. *Scofield, 9 N. J. Eq. (1 Stock.) 492; Speer* v. *Speer, 14 N. J. Eq. (1 McCart.) 240; Silvers* v. *Potter, 48 N. J. Eq. (3 Dick.) 547; Hattersley* v. *Bisset, 51 N. J. Eq. (6 Dick.) 597.*

The bill should be dismissed.